

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
~~JACKSON~~ DIVISION
WESTERN

ALEXANDRA A. BYRD                                                    PLAINTIFF

VS.                                          CAUSE NO. 5:16cv85DCB-MTP

JEFFERSON COUNTY SHERIFF'S DEPARTMENT                    DEFENDANT

---

## COMPLAINT
### (Plaintiff Demands Trial by Jury)

---

The Plaintiff, Alexandra A. Byrd, files this, her Complaint, and in support thereof would show unto the Court the following:

### JURISDICTION

1.    This is an action on behalf of the Plaintiff arising out of the unlawful employment practices of the Jefferson County Sheriff's Department, Mississippi. This lawsuit seeks actual and punitive damages and injunctive relief for violation of 42 U.S.C. §§ 1981(a) and 1982, as well as attorney's fees under 42 U.S.C. § 1988.  Plaintiff demands a trial by jury.  Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1337 and 1343(4), as well as 42 U.S.C. § 2000e-5(f).  This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981.

### PARTIES AND VENUE

2.    The Plaintiff, Alexandra A. Byrd, is an adult resident citizen of Jefferson County, Mississippi.

3.    The Defendant, Jefferson County Sheriff's Department, is a municipal corporation and a governmental subdivision of the State of Mississippi, and can be served at the office of Everett T. Sanders, Jefferson County, P.O. Box 565, Natchez, Mississippi 39121.

4.    This Court has jurisdiction of this action, pursuant to 28 U.S.C. §§ 1343(3) and (4), as well as 28 U.S.C. § 1331.  The issues presented herein constitute federal questions arising under the laws and the Constitution of the United States.

5.    The Plaintiff has exhausted administrative remedies as she has filed complaints with the Equal Employment Opportunity Commission (hereinafter "EEOC") and has been issued a right to sue letter, which is attached collectively as Exhibit "A".

6.    Venue is proper in this Court because the cause of action accrued in whole or in part in Jefferson County, Mississippi and in the Southern District of Mississippi.

## CAUSES OF ACTION

7.    The Plaintiff re-alleges and incorporates by reference each allegation contained in the preceding paragraphs.

8.    The actions of the Defendant, by and through its agents or employees, as described hereinabove, constitute an intentional refusal to afford the Plaintiff the full

benefits of employment with such Defendant as employer of the employees, on the basis of sex, in violation of 42 U.S.C. § 1981.

9.     The Defendant has discriminated against the Plaintiff in a manner making final, injunctive relief appropriate.

10.     The Defendant discriminated against the Plaintiff because of her sex, in violation of § 703(a) of Title VII, including, but not limited to, the following respects: (i) by failing to promote Plaintiff on the same terms as male employees; (ii) by failing to pay Plaintiff on the same terms as male employees; (iii) by failing to train Plaintiff for promotion on the same terms as male employees; (iv) by failing to grant Plaintiff seniority and its benefits on the same basis as male employees; (v) by terminating the employment of Plaintiff and, (vi) by failing to take appropriate measures to correct the unlawful employment practices alleged herein.

11.     During the time the Plaintiff was employed by the Defendant, the Defendant discriminated against the Plaintiff with respect to the terms, conditions, and privileges of her employment because of the Plaintiff's sex.  Such discrimination consisted of unfounded complaints made by individuals who were the Plaintiff's supervisors, concerning the Plaintiff's work; the Plaintiff's assignment to perform menial, demeaning duties; and repeated sexual insults and slurs concerning the Plaintiff, in the Plaintiff's presence and in the presence of others and the termination of employment of the Plaintiff.

3

12.     The effect of the Defendant's wrongful policies and practices has been to limit, classify, and discriminate against the Plaintiff in ways which jeopardize her job, deprive her of employment opportunities, and otherwise adversely affects her status as employee because of her sex, in violation of 42 U.S.C. § 2000e *et seq.* This effect is continuing.

13.     The actions of the Defendant constitute an intentional refusal to afford the Plaintiff the same terms, conditions, and privileges of her employment on the basis of sex, in violation of 42 U.S.C. § 1981(a).

14.     As a further result of the Defendant's wrongful practices, the Plaintiff has been, and continues to be, deprived of income in the form of wages and prospective retirement benefits, and social security and other benefits due to her as an employee solely because of her sex in a sum to be proven at trial.

15.     The Plaintiff has no plain, adequate, or complete remedy at law to correct the practices described herein, and her request for injunctive relief herein is her only means for securing adequate and complete relief.  The Plaintiff is now suffering, and will continue to suffer, irreparable injury from the Defendant's policies, practices, customs, and usages, as set forth herein.

16.     The Defendant has unlawfully discriminated against the Plaintiff by refusing to offer her equal pay for equal work for a position for which she was qualified; failing to remedy discriminatory practices of its supervisory personnel; and

4

otherwise discriminating against the Plaintiff on the basis of her sex.

17.    The effect of the policies and practices pursued by the Defendant as alleged above has been, and continues to, limit, classify, and discriminate against the Plaintiff in ways which jeopardize her job and/or deprive her of employment opportunities, and otherwise adversely affects her status as an employee because of sex, in violation of 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981(a), Title VII, and the Constitution of the United States.

18.    The Defendant has unlawfully discriminated against the Plaintiff by refusing to offer the Plaintiff equal pay for equal work for a position for which she was qualified; failing to remedy discriminatory practices of its supervisory personnel; and otherwise discriminating against the Plaintiff on the basis of sex.

19.    The intentional actions of the Defendant, described hereinabove, constitute an intentional refusal to afford the Plaintiff the same right to employment, training, and salary, in violation of 42 U.S.C. § 1982.

20.    As a proximate cause of the Defendant's fraudulent concealment, the Plaintiff has been damaged.

## DAMAGES

21.    As a direct result of the aforementioned wrongful conduct of the Defendant, the Jefferson County Sheriff's Department, the Plaintiff has been denied the specific benefits of training, promotion, employment, and salary as male employees.

5

The Plaintiff is entitled to damages in an amount commensurate with the salary and promotion that the Plaintiff would have received had she not suffered discrimination, and/or been deprived of continued employment.

22.     The Plaintiff is entitled to damages for embarrassment, humiliation, and emotional distress arising from the aforesaid misconduct of the Defendant.

23.     The aforesaid actions of the Defendant constitute a willful, intentional and wanton disregard for the rights of the Plaintiff, requiring an award of punitive damages in this case.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:  (i) declare that the employment practices complained of in this complaint are unlawful in that they violate Title VII; (ii) permanently enjoin the Defendant and its agents, officers and employees from engaging in all practices found by this Court to be in violation of Title VII; (iii) order the Defendant to make the Plaintiff whole by reinstating her with full back pay, bridged seniority and reimbursement for loss of pension, retirement, insurance, social security and other monetary and non-monetary benefits, all in amounts to be proved at trial; (iv) order that the Defendant pay to the Plaintiff a sum in excess of $500,000 as compensatory and punitive damages; (v) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendant to file such

reports as the Court deems necessary to evaluate such compliance; (vi) order the

Defendant to pay the Plaintiff's costs and expenses, and reasonable attorney's fees; and

(vii) grant such other and further relief to the Plaintiff as the Court deems just and

proper.

      THIS, the 27th day of September, 2016.

                           Respectfully Submitted,
                           ALEXANDRA A. BYRD

                           BY:_____
                                  EDUARDO A. FLECHAS

Of Counsel:

Eduardo A. Flechas, MSB # 10669
FLECHAS LITIGATION GROUP, PLLC
318 South State Street
Jackson, Mississippi 39201
Telephone:   (601) 981-9221
Facsimile:    (601) 981-9958
E-mail:        edflechas@aol.com