IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALEXANDRA A. BYRD                                                                                          PLAINTIFF

VERSUS                                                            CIVIL ACTION NO.: 5:16cv85-DCB-MTP

JEFFERSON COUNTY SHERIFF'S DEPARTMENT                                   DEFENDANT

**NOTICE OF PRETRIAL CONFERENCE**

      This matter is set for **TRIAL** on **February 5, 2018** at the United States Courthouse, 109 S. Pearl Street, Natchez, Mississippi before Senior District Judge David C. Bramlette, III.

      A **PRETRIAL CONFERENCE** will be held in this case on **January 10, 2018 at 10:30 a.m.** before United States Magistrate Judge Michael T. Parker at the United States Courthouse, 109 S. Pearl Street, Natchez, Mississippi.

**I.**       **PRETRIAL CONFERENCE**

     **A. Settlement Memoranda Required**

     The parties are instructed that a portion of the pretrial conference will be used to discuss settlement of the case. Counsel are instructed to confer with their client[s] in advance of the conference. **COUNSEL AND THE CLIENT AND/OR A REPRESENTATIVE WITH SETTLEMENT AUTHORITY SHALL BE PRESENT AT THE CONFERENCE.** If the client and/or the representative with authority desire to be excused from attendance at the conference, a written request must be submitted to the undersigned. However, if excused from attendance, the client and/or the representative with authority shall be standing by and available, either in person or by telephone, within 5 minutes, from fifteen (15) minutes before the conference is scheduled to commence until the conference is completed, in the event communication is necessary. **NOTE: THE CONFERENCE MAY EXTEND THROUGH THE LUNCH HOUR OR PAST 5:00 P.M. AND MAY LAST 2-3 HOURS OR MORE.** If Counsel feels it is appropriate, any client or representative with authority who is present, may sit in on the conference. A confidential settlement memoranda (three page maximum) shall be submitted to Judge Parker three days prior to the conference. This document is not to be filed or exchanged with the opposing party. It will be viewed only by the Court. The memorandum will not become a part of the Court file and will be destroyed upon the exhaustion of settlement negotiations.

     **B. PreTrial Order**

     THE PARTIES SHALL PREPARE AND APPROVE A JOINT PRETRIAL ORDER FOR PRESENTATION TO THE JUDGE AT THE PRETRIAL CONFERENCE.

Please refer to Local Uniform Civil Rule 16(j) governing Pretrial Orders and Official Form 3 for all pretrial orders.

## II.     JURY INSTRUCTIONS

Please refer to Local Uniform Civil Rule 51 regarding jury instructions.

## III.    NON-JURY CASES

The original and one (1) copy of Proposed Findings of Fact and Conclusions of Law must be submitted to the Court ten (10) business days prior to trial and copies exchanged between counsel.

## IV.    DEPOSITIONS

In all cases, depositions to be introduced at trial, other than for rebuttal or impeachment purposes, shall be abridged and submitted to Judge Parker at the Pretrial Conference, in accordance with Local Uniform Civil Rule 16(j)(5)(A), (B), and (C), which requires the designation and marking of the portions of the deposition to be offered and to which there are objections.  Specific objections to deposition testimony shall be included in the Pretrial Order and will be considered by the Court at the Pretrial Conference.  Objections not noted in the Pretrial Order may be deemed waived.

Video depositions shall be edited prior to trial as provided by Local Uniform Rule 16(j)(5)(D).  Specific objections to portions of video depositions shall be noted in the Pretrial Order, and written transcripts of those portions to which there are objections will be considered by the Court at the Pretrial Conference.  Objections not noted in the Pretrial Order may be deemed waived.

## V.     MOTIONS IN LIMINE

Please refer to Local Uniform Civil Rule 7(b)(2)(E) and the Case Management Order regarding motions in limine.  **Absent good cause, untimely motions in limine may be summarily denied.**

## VI.    EXHIBITS AND WITNESS LISTS

Prior to trial, exhibits are to be premarked, and a list briefly describing each is to be presented to the courtroom deputy clerk (original and one copy of the exhibits, original and four copies of the exhibit list) at the beginning of trial.  (A sample of the exhibit list is attached.)

In accordance with Local Uniform Civil Rule 16(j)(2)(G) the pretrial order shall identify exhibits to which there are objections and state precisely the ground for the objection.

An original and four (4) copies of a list of proposed witnesses should be presented to the courtroom deputy clerk by each party at the beginning of trial.

## VII.     CONFLICTS

Counsel are reminded that only conflicts listed in the Case Management Order (CMO) or previously disclosed in writing in the time and manner as provided in the CMO will be honored during this trial calendar.  Any subsequent conflicts not so listed will be considered when scheduling the exact dates of trial, but not necessarily honored.

Should a party or the attorney for said party fail to appear or to follow the directions set out herein, an ex parte hearing may be held and a judgment of dismissal or default or other appropriate judgment entered or sanctions imposed.

## VIII.    LIMITING PERSONAL INFORMATION IN TRANSCRIPTS

The judiciary's privacy policy restricts the publication of certain personal data in documents filed with the court.  The policy requires limiting Social Security and financial account numbers to the last four digits, using only initials for the names of minor children, and limiting dates of birth to the year.  However, if such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse unless and until it is redacted.  The preferred practice is for lawyers to avoid introducing this information into the record in trial.  Please take this restriction into account when questioning witnesses or making other statements in court.  If a restricted item is mentioned in court, the attorney may ask to have it stricken from the record or partially redacted to conform to the privacy policy, or the court may elect to do so on its own motion.

Date: November 27, 2017

                                                            s/Michael T. Parker  
                                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

                                                          PLAINTIFF(S)

VERSUS                                                 CIVIL ACTION NO. *

                                                          DEFENDANT(S)

PLAINTIFF'S EXHIBIT LIST
(or DEFENDANT'S EXHIBIT LIST)

| NUMBER | DESCRIPTION | SPONSOR | ID | EVIDENCE |
|---|---|---|---|---|
| P-2 (or D-1) | Briefly describe each exhibit, leaving sponsor, evidence and ID columns **blank** | (Leave these columns blank, to be completed by court when exhibits are entered) | | |
| P-2 (or D-2) | Double space between exhibits | | | |

THIS INSTRUMENT IS AN EXAMPLE ONLY.
DO NOT USE FOR YOUR EXHIBIT LIST.